Filed 03/12/26

VERMONT SUPERIOR COURT
Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-03889

| Jeffrey Simone et al v. Amanda Morse |
| --- |

## ENTRY REGARDING MOTION

**Title:** Motion for Attorney's Fees and Costs (Motion: 11)
**Filer:** Brice Simon
**Filed Date:** February 03, 2026

The motion is GRANTED IN PART.

Following the court's entry of judgment for plaintiffs in the amount of $43.32, plaintiffs have requested their reasonable attorney's fees. Section 24 of the parties' lease provides that if defendant defaulted on her obligations thereunder, plaintiffs "may elect to cure such default and the cost of such action shall be added to [defendant's] financial obligations under the Lease, including reasonable attorney's fees." Exh. 1, § 24. *See also* 12 V.S.A. § 4854. The court previously concluded that defendant defaulted on the lease by failing to vacate following the lawful termination of her tenancy. Plaintiffs are accordingly entitled to recover their reasonable attorney's fees.

Plaintiff's request $14,387.93 in fees, representing approximately 48 hours of legal work by Attorney Brice Simon at the rate of $300 per hour between November 2024 and December 2025. Defendant renews her objection any award of attorney's fees, and further argues that if fees are awarded, they should be reduced to (i) exclude fees incurred after May 9, 2025, when the court dismissed defendant's counterclaims because defendants were not "successful" after that point given that they only recovered $43.32; (ii) exclude fees spent defending the counterclaims because such claims fall outside of the scope of Section 24 of the lease; and (iii) exclude any fees where counsel's billing entries were redacted. Accounting for these exclusions, defendant argues that the fee award should be reduced to no more than $2,177.93.

A panel of the Vermont Supreme court recently explained the relevant framework for evaluating an attorney's fee award:

> In calculating the award of attorney's fees, the court looks to the most useful starting point, the 'lodestar figure,' by determining the number of hours reasonably expended on the case multiplied by a reasonable hourly rate, and then adjusting that fee upward or downward based on various factors. Those factors may include the novelty of the legal issue, the experience of the attorney, and the results obtained in the litigation, among others.

*Bourne's Inc. v. Lemelson*, No. 24-AP-260, 2025 WL 1356368, at *4 (Vt. May 9, 2025) (unpub. three-justice entry order). Whether hours were "reasonably expended" requires exercise of "billing judgment" to determine whether certain time billed should be excluded from the fee request as "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Defendant does not challenge Attorney Simon's rate or argue that the time he expended on any particular task was unreasonable. Rather, as noted above, defendant's arguments focus on the scope of the fee provision in the parties' lease, Attorney Simon's billing records, and the overall time spent in pursuit of a two-figure monetary judgment.

The court is not persuaded that time spent defending the counterclaims should be excluded as a matter of course. Defense of the counterclaims is reasonably included in the cost that plaintiffs incurred to cure defendant's default under the lease. Defendant's other arguments, however, are more compelling. Attorney Simon's redactions make it difficult to analyze the reasonableness of his billings. And a fee award of approximately $14,000 following a judgment of less than $50 strikes the court as excessive.

The court will accordingly exclude from the fee request the entries where redactions prevent the court from determining the reasonableness of the fees expended. Specifically, the court excludes entries for 9/24/25 ($60), 10/21/25 ($150), 10/24/25 ($300), 11/14/25 ($240), 7/18/25 ($30), 8/7/25 ($60), 9/2/25 ($30), 9/3/25 ($30), 9/17/25 ($180), 9/18/25 ($60, $90), 5/9/25 ($120), 5/19/25 ($150) and 9/12/24 ($210), for a total of $1,710, which reduces plaintiffs' fee request to $12,677.93

There remains a significant disparity between the fee award and the results obtained, as noted above. On one hand, Attorney Simon's efforts resulted in plaintiffs regaining possession, defeating defendant's counterclaims, and obtaining a judgment that exceeded the amount of the retained security deposit. On the other hand, defendant vacated voluntarily after suit was filed, the counterclaims were dismissed long before trial, and a significant amount of time and resources were subsequently expended for an ultimate recovery of $43.42. The court concludes the modest damages obtained in this case (and potentially available – as reflected by plaintiffs' request at trial for only approximately $1,500) warrants a significant reduction of the fee award. The court will accordingly award one third of plaintiffs' lodestar amount (after accounting for the exclusions above), for a total of $4,183.72, and issue an amended judgment.

Electronically signed on: 3/11/2026 pursuant to V.R.E.F. 9(d)

Benjamin D. Battles
Superior Court Judge